UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA P. DECRISTOFARO, INDIVIDUALLY,          :
AS PERSONAL REPRESENTATIVE OF THE ESTATE    :
ROBERT J. DECRISTOFARO, AND AS NATURAL          :
PARENT, NEXT FRIEND AND GUARDIAN                    :
OF NPD, A MINOR                                                          :
            *Plaintiffs*                                                  :
                                   :

vs.                                                                                     :     C.A. No. 1:12-cv-11122-RGS
                                   :

DANIEL L. BUTLER;                                                    :
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; :
BRIDGESTONE RETAIL OPERATIONS, LLC; and    :
ABC CORPORATION, INC.                                          :
            *Defendants*

## AMENDED COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Cynthia P. DeCristofaro is a citizen and resident of Braintree,

Massachusetts.  Plaintiff Cynthia P. DeCristofaro is the widow of Robert J. Christofaro,

who died on or about October 18, 2011.  Plaintiff Cynthia P. DeCristofaro is the Personal

Representative of the Estate of Robert J. DeCristofaro, having been duly appointed by

the Norfolk Probate and Family Court on July 24, 2012.

2.      Plaintiff Cynthia P. DeCristofaro brings this action individually, as the

Personal Representative of the Estate of Robert J. DeCristofaro, and as natural parent,

next friend and guardian of NPD, the minor child of Plaintiff Cynthia P. DeCristofaro

and Plaintiffs' decedent Robert J. DeCristofaro pursuant to M.G.L.A. c. 229, §2.

3.      Upon information and belief, Defendant Daniel L. Butler is a citizen and

resident of Newington, Connecticut.

4.    Upon information and belief, Defendant Bridgestone Americas Tire Operations, LLC (hereinafter referred to as "Bridgestone Americas") is a business corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Nashville, Tennessee. Defendant Bridgestone Americas has, at all times relevant, sufficient contacts with the Commonwealth of Massachusetts to subject it to the jurisdiction of this Court.

5.    Upon information and belief, Defendant Bridgestone Retail Operations, LLC (hereinafter referred to as "Bridgestone Retail") is a business corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Nashville, Tennessee. Defendant Bridgestone Retail has, at all times relevant, sufficient contacts with the Commonwealth of Massachusetts to subject it to the jurisdiction of this Court.

6.    Upon information and belief, Defendant ABC Corporation, Inc. is a business corporation organized and existing under the laws of the Commonwealth of Massachusetts. Defendant ABC Corporation, Inc. has, at all times relevant, sufficient contacts with the Commonwealth of Massachusetts to subject it to the jurisdiction of this Court.

7.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 et. seq. and the amount in controversy meets this Court's jurisdictional requirement.

## COUNT I

### NEGLIGENCE OF DANIEL L. BUTLER

1.      On or about October 18, 2011, Defendant Daniel L. Butler was operating a tractor - trailer on Washington Street, a public road, in the City of Quincy, Massachusetts.

2.      Upon information and belief, and at all times relevant hereto, Defendant Daniel L. Butler was an employee, agent or servant of Co-Defendants Bridgestone Americas, Bridgestone Retail and/or ABC Corporation, Inc.

3.      At all times relevant, the tractor - trailer operated by Defendant Daniel L. Butler were identified by signage as "Bridgestone Tire" property and were owned by or leased by and under the control of Co-Defendants Bridgestone Americas and/or Bridgestone Retail.

4.      On or about October 18, 2011, Plaintiffs' decedent Robert J. DeCristofaro was repairing a traffic signal at the intersection of Washington Street and Chubbuck Street for his employer, the City of Quincy.

5.      While proceeding along Washington Street, the tractor - trailer operated by Defendant Daniel L. Butler collided with the lift bucket on the truck on which Plaintiffs' decedent, Robert J. DeCristofaro, was working.

6.      As a result of the collision, the decedent, Robert J. DeCristofaro, was knocked out of the lift bucket, dragged on the top of the tractor – trailer, thrown to the ground, and suffered grave and personal injuries, endured extreme conscious pain and suffering, and ultimately died on October 18, 2011.

3

7.      At all times relevant, the decedent Robert J. DeCristofaro exercised due and reasonable care for his own safety, well - being, and for the safety for others.

8.      Defendant Daniel L. Butler owed a legal duty to all persons using and maintaining the public highways including, Plaintiffs' decedent Robert J. DeCristofaro, to exercise due and reasonable care in the operation of the tractor - trailer he was driving.

9.      Nevertheless, Defendant Daniel L. Butler breached his duty in that he negligently operated the tractor - trailer so as to cause the tractor - trailer to collide violently with the lift bucket on the truck on which Plaintiffs' decedent, Robert J. DeCristofaro, was working.

10.     As a direct and proximate result of the negligence of Defendant Daniel L. Butler, Plaintiffs' decedent Robert J. DeCristofaro suffered grave and severe personal injuries, endured extreme conscious pain and suffering and ultimately died on October 18, 2011, and Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro seeks damages pursuant to M.G.L.A. c.229.

11.     As a direct and proximate result of the negligence of Defendant Daniel L. Butler, the Estate of Robert J. DeCristofaro suffered a loss of wages and a loss of future earning capacity, and became liable to pay large sums of money for medical, hospital and funeral expenses.  Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro, claims damages therefor pursuant to M.G.L.A. c. 229, § 2.

12.     As a direct and proximate result of the negligence of Defendant Daniel L. Butler, and the resulting death of her husband, Robert J. DeCristofaro, Plaintiff Cynthia P. DeCristofaro has suffered and in the future will suffer a loss of consortium due to her husband's death.  Plaintiff's loss includes, but is not limited to, the loss of decedent Robert J. DeCristofaro's reasonably expected net income, services, protection, care, society, companionship, comfort, guidance, counsel and advice.  Plaintiff Cynthia P. DeCristofaro, individually, claims damages therefor pursuant M.G.L.A. c. 229, § 2.

13.     As a direct and proximate result of the negligence of Defendant Daniel L. Butler, and the resulting death of Robert J. DeCristofaro, his minor child NPD, has suffered and in the future will suffer a loss of the society and companionship of his father, Robert J. DeCristofaro.  Plaintiff Cynthia P. DeCristofaro, as natural parent, next friend, and guardian of minor NPD, claims damages for her child's loss of society and companionship pursuant to M.G.L.A.  c. 229, § 2.

WHEREFORE, Plaintiff Cynthia P. DeCristofaro, individually, as Personal Representative of the Estate of Robert J. DeCristofaro, and as natural parent, next friend and guardian of NPD demands judgment against Defendant Daniel L. Butler for compensatory damages, plus interest and costs.

## COUNT II

## NEGLIGENCE OF BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC

1.     Paragraphs 1 through 13 of Count I are incorporated by reference as if set forth in their entirety.

2.      At the time of the tortious conduct as alleged, Co-Defendant Daniel L.

Butler was an employee, agent or servant of Defendant Bridgestone Americas Tire

Operations, LLC and the tortious conduct as alleged was within the scope of his

employment and/or agency.

3.      As a direct and proximate result of the negligence of Defendant

Bridgestone Americas Tire Operations, LLC, by and through its agents, servants, and

employees, Plaintiffs' decedent Robert J. DeCristofaro suffered grave and severe

personal injuries, endured extreme conscious pain and suffering and ultimately died on

October 18, 2011, and Plaintiff Cynthia P. DeCristofaro, as Personal Representative of

the Estate of Robert J. DeCristofaro seeks damages pursuant to M.G.L.A. c.229.

4.      As a direct and proximate result of the negligence of Defendant

Bridgestone Americas Tire Operations, LLC, by and through its agents, servants, and

employees, the Estate of Robert J. DeCristofaro suffered a loss of wages and a loss of

future earning capacity, and became liable to pay large sums of money for medical,

hospital and funeral expenses.  Plaintiff Cynthia P. DeCristofaro, as Personal

Representative of the Estate of Robert J. DeCristofaro, claims damages therefor

pursuant to M.G.L.A. c. 229, § 2.

5.      As a direct and proximate result of the negligence of Defendant

Bridgestone Americas Tire Operations, LLC, by and through its agents, servants, and

employees, and the resulting death of her husband, Robert J. DeCristofaro, Plaintiff

Cynthia P. DeCristofaro has suffered and in the future will suffer a loss of consortium

due to her husband's death.  Plaintiff's loss includes, but is not limited to, the loss of

decedent Robert J. DeCristofaro's reasonably expected net income, services, protection, care, society, companionship, comfort, guidance, counsel and advice.  Plaintiff Cynthia P. DeCristofaro, individually, claims damages therefor pursuant M.G.L.A. c. 229, § 2.

6.      As a direct and proximate result of the negligence of Defendant Bridgestone Americas Tire Operations, LLC, by and through its agents, servants, and employees, and the resulting death of Robert J. DeCristofaro, his minor child NPD, has suffered and in the future will suffer a loss of the society and companionship of his father, Robert J. DeCristofaro.  Plaintiff Cynthia P. DeCristofaro, as natural parent, next friend, and guardian of minor NPD, claims damages for her child's loss of society and companionship pursuant to M.G.L.A.  c. 229, § 2.

WHEREFORE, Plaintiff Cynthia P. DeCristofaro, individually, as Personal Representative of the Estate of Robert J. DeCristofaro, and as natural parent, next friend and guardian of NPD, a minor, demands judgment against Defendant Bridgestone Americas Tire Operations, LLC, and its employees, agents, and servants for compensatory damages, plus interest and costs.

## COUNT III

## NEGLIGENCE OF BRIDGESTONE RETAIL OPERATIONS, LLC

1.      Paragraphs 1 through 13 of Count I are incorporated by reference as if set forth in their entirety.

2.      Paragraphs 1 through 2 of Count II are incorporated by reference as if set forth in their entirety.

3.     At the time of the tortious conduct as alleged, Co-Defendant Daniel L. Butler was an employee, agent or servant of Defendant Bridgestone Retail Operations, LLC and the tortious conduct as alleged was within the scope of his employment and/or agency.

4.     As a direct and proximate result of the negligence of Defendant Bridgestone Retail Operations, LLC, by and through its agents, servants, and employees, Plaintiffs' decedent Robert J. DeCristofaro suffered grave and severe personal injuries, endured extreme conscious pain and suffering and ultimately died on October 18, 2011, and Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro seeks damages pursuant to M.G.L.A. c.229.

5.     As a direct and proximate result of the negligence of Defendant Bridgestone Retail Operations, LLC, by and through its agents, servants, and employees, the Estate of Robert J. DeCristofaro suffered a loss of wages and a loss of future earning capacity, and became liable to pay large sums of money for medical, hospital and funeral expenses.  Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro, claims damages therefor pursuant to M.G.L.A. c. 229, § 2.

6.     As a direct and proximate result of the negligence of Defendant Bridgestone Retail Operations, LLC, by and through its agents, servants, and employees, and the resulting death of her husband, Robert J. DeCristofaro, Plaintiff Cynthia P. DeCristofaro has suffered and in the future will suffer a loss of consortium due to her husband's death.  Plaintiff's loss includes, but is not limited to, the loss of

8

decedent Robert J. DeCristofaro's reasonably expected net income, services, protection, care, society, companionship, comfort, guidance, counsel and advice.  Plaintiff Cynthia P. DeCristofaro, individually, claims damages therefor pursuant M.G.L.A. c. 229, § 2.

7.      As a direct and proximate result of the negligence of Defendant Bridgestone Retail Operations, LLC,  by and through its agents, servants, and employees, and the resulting death of Robert J. DeCristofaro, his minor child NPD, has suffered and in the future will suffer a loss of the society and companionship of his father, Robert J. DeCristofaro.  Plaintiff Cynthia P. DeCristofaro, as natural parent, next friend, and guardian of minor NPD, claims damages for her child's loss of society and companionship pursuant to M.G.L.A.  c. 229, § 2.

WHEREFORE, Plaintiff Cynthia P. DeCristofaro, individually, as Personal Representative of the Estate of Robert J. DeCristofaro, and as natural parent, next friend and guardian of NPD, a minor, demands judgment against Defendant Bridgestone Retail Operations, LLC, and its employees, agents, and servants for compensatory damages, plus interest and costs.

## COUNT IV

## NEGLIGENCE OF ABC CORPORATION, INC.

1.      Paragraphs 1 through 13 of Count I are incorporated by reference as if set forth in their entirety.

2.      Paragraphs 1 through 2 of Count II are incorporated by reference as if set forth in their entirety.

3.      Paragraphs 1 through 3 of Count III are incorporated by reference as if set forth in their entirety.

4.      At the time of the tortious conduct as alleged, Co-Defendant Daniel L. Butler was an employee, agent or servant of Defendant ABC Corporation, Inc. and the tortious conduct as alleged was within the scope of his employment and/or agency.

5.      As a direct and proximate result of the negligence of Defendant ABC Corporation, Inc., by and through its agents, servants, and employees, Plaintiffs' decedent Robert J. DeCristofaro suffered grave and severe personal injuries, endured extreme conscious pain and suffering and ultimately died on October 18, 2011, and Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro seeks damages pursuant to M.G.L.A. c.229.

6.      As a direct and proximate result of the negligence of Defendant ABC Corporation, Inc., by and through its agents, servants, and employees, the Estate of Robert J. DeCristofaro suffered a loss of wages and a loss of future earning capacity, and became liable to pay large sums of money for medical, hospital and funeral expenses.  Plaintiff Cynthia P. DeCristofaro, as Personal Representative of the Estate of Robert J. DeCristofaro, claims damages therefor pursuant to M.G.L.A. c. 229, § 2.

7.      As a direct and proximate result of the negligence of Defendant ABC Corporation, Inc., by and through its agents, servants, and employees, and the resulting death of her husband, Robert J. DeCristofaro, Plaintiff Cynthia P. DeCristofaro has suffered and in the future will suffer a loss of consortium due to her husband's death. Plaintiffs' loss includes, but is not limited to, the loss of decedent Robert J.

10

DeCristofaro's reasonably expected net income, services, protection, care, society, companionship, comfort, guidance, counsel and advice.  Plaintiff Cynthia P. DeCristofaro, individually, claims damages therefor pursuant M.G.L.A. c. 229, § 2.

8.      As a direct and proximate result of the negligence of Defendant ABC Corporation, Inc., by and through its agents, servants, and employees, and the resulting death of Robert J. DeCristofaro, his minor child NPD, has suffered and in the future will suffer a loss of the society and companionship of his father, Robert J. DeCristofaro. Plaintiff Cynthia P. DeCristofaro, as natural parent, next friend, and guardian of minor NPD, claims damages for her child's loss of society and companionship pursuant to M.G.L.A.  c. 229, § 2.

WHEREFORE, Plaintiff Cynthia P. DeCristofaro, individually, as Personal Representative of the Estate of Robert J. DeCristofaro, and as natural parent, next friend and guardian of NPD, a minor, demands judgment against Defendant ABC Corporation, Inc., and its agents, employees and servants, for compensatory damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs Cynthia P. DeCristofaro, individually, as Personal Representative of the

Estate of Robert J. DeCristofaro, and as natural parent, next friend, and guardian of

NPD, a minor, demands a trial by jury and designates Donna M. Di Donato as trial

counsel.

PLAINTIFFS

CYNTHIA P. DECRISTOFARO, Individually,
as Personal Representative of the Estate of
Robert J. DeCristofaro, and as natural parent,
next friend, and guardian of NPD, a minor

By their Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Tel.  (401) 272-1110
Fax  (401) 351-6641

/s/  Donna M. Di Donato
Donna M. Di Donato          BBO: 560268

## CERTIFICATION

I, Donna M. Di Donato, attorney for the Plaintiffs, hereby certify that on 2nd day
of August, 2012, a true copy of the foregoing Amended Complaint will be sent
electronically to the registered participants as identified on the Notice of Electronic
Filing and paper copies will be served upon anyone indicated as a non-registered
participant.

/s/  Donna M. Di Donato
Donna M. Di Donato